IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CFL TECHNOLOGIES LLC, <br><br> Plaintiff, <br><br> v. <br><br> OSRAM SYLVANIA, INC. and LEDVANCE, LLC, <br><br> Defendants. | C.A. No. 1:18-cv-01445-RGA |

**MEMORANDUM ORDER**

Presently before me is Defendants' Motion to Certify the Court's Order for Interlocutory Appeal. (D.I. 30). The issue has been fully briefed. (D.I. 31, 32, 33). For the reasons set forth herein, I will deny Defendants' motion.

On July 9, 2019, I denied Defendants' motion to dismiss the complaint. (D.I. 28). Defendants now move for certification of interlocutory appeal, seeking appellate resolution of two questions:

> [Question 1: W]hether the Kessler doctrine precludes claims that a patent has been infringed where (1) defendant, in a prior litigation, prevailed against a claim of infringement of that patent on some ground other than non-infringement, such as invalidity or inequitable conduct, or (2) in a prior litigation, plaintiff terminated its claims of infringement of that patent against defendant in a dismissal with prejudice.
>
> . . .
>
> [Question 2: W]hether the "change in law" exception to issue preclusion allows relitigation of the enforceability of a particular patent, where a prior final, non-appealable judgment of unenforceability due to inequitable conduct has been followed by a change in law.

(D.I. 31 at 5, 11).

"The decision of whether to grant leave to file an interlocutory appeal is 'informed by the criteria set forth in 28 U.S.C. § 1292(b).'" *Chase Bank USA, N.A. v. Hess*, 2011 WL 4459604, at *1 (D. Del. Sept. 26, 2011) (quoting *In re Phila. Newspapers, LLC*, 418 B.R. 548, 556 (E.D. Pa. 2009)). "Leave to file an interlocutory appeal may be granted when the order at issue (1) involves a controlling question of law upon which there is (2) substantial grounds for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation." *In re SemCrude, L.P.*, 407 B.R. 553, 556-57 (D. Del. 2009) (citing *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974)); *see also* 28 U.S.C. § 1292(b). "Interlocutory appeal is meant to be used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation." *DeLalla v. Hanover Ins.*, 2010 WL 3908597, at *3 (D.N.J. Sept. 30, 2010).

"An interlocutory appeal materially advances litigation if it (1) eliminates the need for trial, (2) eliminates complex issues so as to simplify the trial, or (3) eliminates issues to make discovery easier and less costly." *L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d 603, 613 (E.D. Pa. 2008) (cleaned up).

Defendants have failed to show that an interlocutory appeal will materially advance the ultimate termination of this litigation. They argue that four out of five patents would drop from the case if the Federal Circuit agreed with them on the *Kessler* doctrine issue. (D.I. 31 at 17). This assumes that I find that the accused products are "essentially the same" as those that were accused in the prior litigation. (*Id.*). They also argue that at least three, and potentially (although less likely) all five, patents would drop from the case if they were to prevail on their issue

2

preclusion argument. (*Id.* at 18). As a final point, they note that knowing the answers to these legal questions may promote settlement. (*Id.*).

Defendants' piecemeal theory of how an appeal may eliminate the need for a trial is not persuasive. Essentially, they would need to have a sweeping victory on all of their theories for the appeal to have any impact on the proceedings in this court. On the question of simplifying issues for trial or lessening discovery, as far as I can tell, each accused product is accused of infringing each patent-in-suit, each patent-in-suit has the same inventor, and all of the patents-in-suit are related. (D.I. 1). If Defendants fail to eliminate *any* of the five patents-in-suit from the case, the most likely outcome is that the scope of discovery and the difficulty of the remaining legal issues will be unaffected. Thus, I do not think that an interlocutory appeal is likely to materially advance this litigation.

There may be grounds for a difference of opinion, and room for appellate clarification, on the issues identified by Defendants. Resolution of these particular issues is, however, best reserved for appeal following a final judgment in this case. Defendants' Motion to Certify the Court's Order for Interlocutory Appeal (D.I. 30) is **DENIED**.

IT IS SO ORDERED this 22 day of August 2019.

*Richard G. Andrews*
United States District Judge