IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CFL TECHNOLOGIES LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>OSRAM SYLVANIA, INC. and LEDVANCE, LLC,<br><br>    Defendants. | C.A. No. 18-1445-RGA<br><br>Judge Richard G. Andrews |

**SCHEDULING ORDER**

This  26  day of  May , 202 1 , the Court having waived an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that[1]:

1. <u>Rule 26(a)(l) Initial Disclosures</u>. The parties have previously made their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l).

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. <u>Any motion to join parties or amend the pleadings shall be evaluated under Fed. R. Civ. P. 16(b).]</u>

3. <u>Discovery</u>.

   a.   <u>Discovery Cut Off</u>. All discovery in this case shall be initiated so that it will be completed on or before February 4, 2022

   b.   <u>Document Production</u>. Document production shall be substantially

---

[1] To the extent that this Order is inconsistent with the Court's prior Scheduling Order of September 18, 2019, (D.I. 41), this Scheduling Order shall supersede the prior Scheduling Order.

complete by December 10, 2021

    c.    <u>Requests for Admission</u>. A maximum of 50 requests for admission are permitted for each side.

    d.    <u>Interrogatories</u>. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

    e.    <u>Depositions</u>.

        i.    <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination.

        ii.    <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a cross-claimant or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision. The Parties stipulate that the deposition of any fact witness, including witnesses being deposed pursuant to Rule 30(b)(6), will take place within the district in which they reside, unless the parties agree otherwise or by Court order.

    f.    <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than seven business days prior to the conference/argument, any party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in

dispute and its position on those issues. By no later than five business days prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's opposition. A party should include with its letter a proposed order with a detailed issue-by-issue ruling such that, should the Court agree with the party on a particular issue, the Court could sign the proposed order as to that issue, and the opposing party would be able to understand what it needs to do, and by when, to comply with the Court's order. Any proposed order shall be e-mailed, in Word format, simultaneously with filing  to rga_civil@ded.uscourts.gov.

If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

   g.  <u>Miscellaneous Discovery Matters</u>.

     i.  The Parties agree that the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") in the District shall apply to this action.

     ii.  Pending litigation involving one or more of the asserted patents, includes: *CFL Technologies LLC v. General Electric Company et al.*, case no. 1:18-cv-01444-RGA (D. Del.); and *Feit Electric Company, Inc. v. Beacon Point Capital, LLC*, case no 1:13-cv-09339 (N.D. Ill.). No other litigation (including IPS) involving asserted patent is pending or contemplated.

     iii.  Plaintiff has asserted 3 total claims for the two asserted patents presently at issue in this matter. The Parties agree to meet and confer regarding the potential reduction of asserted prior references used for anticipation and obviousness combinations, and will submit a status report on the numerosity of such prior art references no later than thirty (30) days following the Court's *Markman* Order.

    iv.  Plaintiff has already disclosed license and/or settlement agreements related to products potentially covered by the patents-in-suit.

4. Application to Court for Protective Order. A protective order was entered in this matter on September 30, 2019. (D.I. 44.)

5. Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk the required number of copies as directed in paragraph 6. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

6. Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

7. Claim Construction Issue Identification. On May 22, 2020, the parties exchanged a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). Subsequent to exchanging

that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than September 15, 2021. The Joint Claim Construction Chart, in Word format shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue , and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. <u>Claim Construction Briefing</u>[3]. Plaintiff shall serve, but not file, its opening brief, not to exceed 5,000 words, on September 29, 2021. Defendant shall serve, but not file, its answering brief, not to exceed 7,500 words, on October 20, 2021. Plaintiffs shall serve, but not file, its reply brief, not to exceed 5,000 words, on November 3, 2021. Defendants shall serve, but not file, its sur-reply brief, not to exceed 2,500 words, on November 17, 2021. No later than November 24, 2021, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

---

[3] As each brief is written and provided to the opposing party, the individual responsible for verifying the word count will represent to the other party that it has so verified and by what means. These verifications should not be provided to the Court unless a dispute arises about them. Pictures, Figures copied from the patent, and other illustrations do not count against the word limit. Plaintiff should include with its opening brief one or more representative claims with the disputed terms italicized. Should Defendant want to add additional representative claims, Defendant may do so. The representative claims and the agreed-upon claim constructions do not count against the word limits.

I.      Representative Claims

II.     Agreed-upon Constructions

III.    Disputed Constructions

    A.     [TERM 1][4]

        1.   Plaintiff's Opening Position
        2.   Defendant's Answering Position
        3.   Plaintiff's Reply Position
        4.   Defendant's Sur-Reply Position

    B.     [TERM 2]
        1.   Plaintiff's Opening Position
        2.   Defendant's Answering Position
        3.   Plaintiff's Reply Position
        4.   Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    9.   <u>Hearing on Claim Construction</u>. Beginning at __9:00__ a.m. on December __9__, 2021, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours. When the Joint Claim Construction Brief is filed, the parties shall simultaneously file a motion requesting the above-scheduled claim construction hearing, state that the briefing is complete, and state how much total time the parties are requesting that the Court should allow for the argument.

---

[4] For each term in dispute, there should be a table or the like setting forth the term in dispute and the parties' competing constructions. The table does not count against the word limits.

10. Disclosure of Expert Testimony.

a. Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before February 25, 2022. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before March 25, 2022. Reply expert reports from the party with the initial burden of proof are due on or before April 8, 2022. No other expert reports will be permitted without either the consent of all parties or leave of the Court. If any party believes that an expert report does not comply with the rules relating to timely disclosure or exceeds the scope of what is permitted in that expert report, the complaining party must notify the offending party within one week of the submission of the expert report. The parties are expected to promptly try to resolve any such disputes, and, when they cannot reasonably be resolved, use the Court's Discovery Dispute Procedure or the complaint will be waived.

Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before May 6, 2022.

b. Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than June 3, 2022, unless otherwise ordered by the Court.

11. Case Dispositive Motions. All case dispositive motions shall be served and filed on or before June 3, 2022. No case dispositive motion under Rule 56 may be filed more than ten

days before the above date without leave of the Court. Absent an order of the Court upon a showing of good cause, each side is limited to one forty-page opening brief, one forty- page answering brief, and one twenty-page reply brief for all of its Daubert and case dispositive motions.

12. Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13. Pretrial Conference .
On October 7, 2022, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at 9:00 a.m. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the fourth business day before the date of the final pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

14. Motions *in Limine*. Motions *in limine* shall be separately filed, with each motion containing all the argument described below in one filing for each motion. Any supporting documents in connection with a motion *in limine* shall be filed in one filing separate from the motion *in limine*. Each party shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of

its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15.     <u>Jury Instructions. Voir Dire. and Special Verdict Forms</u>. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51. l, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 6 p.m. on the fourth business day before the date of the final pretrial conference. Areas of dispute shall be identified as narrowly as possible and in a manner that makes it readily apparent what the dispute is. The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to rga_civil@ded.uscourts.gov.

16.     <u>Trial</u>. This matter is scheduled for a five (5) day[5] jury trial beginning at 9:30 a.m. on October 31, 2022, with the subsequent trial days beginning at 9:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:00 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

17.     <u>ADR Process</u>. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

---

[5] Five days (i.e., about ten to thirteen hours per side) is the presumptive length of a patent jury trial. If the parties think it is obvious that this will not be enough, they may put in a different length and should be prepared to explain why at the Rule 16 conference. A final decision on the precise length of trial will not be made before the final pretrial conference.

/s/ Richard G. Andrews
_____
UNITED STATES DISTRICT JUDGE